UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CECILIA CONTRERAS-MENDEZ,

Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

Defendant.

CASE NO. 3:17-CV-05666-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 12, 18, 19.

After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in in failing to credit fully the medical opinion from examining psychologist, Tobias A. Ryan, Psy.D. Although the ALJ found that Dr. Ryan's opinion was based on plaintiff's self-reports and not supported by any clinical findings, the ALJ's finding is not supported by substantial evidence as the record reflects

that Dr. Ryan conducted a mental status examination, clinical interview, and disability assessment, which all lend support to Dr. Ryan's opined limitations.

Since the ALJ's error is not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order. Because the ALJ's error relating to Dr. Ryan's opinion affects the entire proceedings and plaintiff will be able to present new evidence and new testimony on remand, the ALJ must re-evaluate all of the medical evidence, reassess plaintiff's testimony, the RFC, and the findings at steps four and five, as necessary.

## BACKGROUND

Plaintiff, CECILIA CONTRERAS-MENDEZ, was born in 1986 and was 22 years old on the alleged date of disability onset of September 20, 2008. *See* AR. 167. Plaintiff completed one year of college in 2012. AR. 267. Plaintiff has worked as a customer service worker, sales representative/assistant, student coordinator, and a teacher's aide. AR. 195. Plaintiff stopped working at her most recent job with Clark County College because the school year ended. AR. 194-95, 267.

According to the ALJ, plaintiff has at least the severe impairments of ulcerative colitis; Crohn's disease; esophagitis; depression; post-traumatic stress disorder ("PTSD"); asthma; fibromyalgia; and chronic back pain. AR. 28 (citing 20 C.F.R. § 416.920(c)).

At the time of the hearing, plaintiff was living in an apartment with her ten-year-old son. AR. 56.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 84-123. Plaintiff's requested hearing was held before ALJ Vadim Mozyrsky ("the ALJ") on January 13, 2016. *See* AR. 53-83. On March 9, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 23-52.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated plaintiff's testimony; (3) whether the ALJ properly assessed plaintiff's residual functional capacity (RFC) and erred by basing his step five finding on his erroneous RFC assessment; and (4) whether this Court should exercise its discretion and remand plaintiff's claim for the award of benefits. *See* Dkt. 12 at 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether the ALJ properly evaluated the medical evidence.

Plaintiff argues that the ALJ erred in evaluating the medical opinions of Tobias A. Ryan, Psy.D., David T. Morgan, Ph.D., Norman Staley, M.D., Robert Hoskins, M.D., Vincent Gollogly, Ph.D., Eugene Kester, M.D., Heather Nash, FNP-C, Krista Cooperstein PA-C, and that other medical evidence is consistent with these opinions and plaintiff's testimony. Dkt. 12.

A. Dr. Ryan

On November 13, 2012, examining psychologist, Tobias A. Ryan, Psy.D., diagnosed plaintiff with major depressive disorder, current episode unspecified, and rated her GAF at 50. AR. 1085. Dr. Ryan found that plaintiff's ability to reason, interact, and adapt were limited. AR. 1086. Dr. Ryan opined that plaintiff was moderately to severely impaired in her ability to maintain a daily/weekly work schedule. AR. 1085. Dr. Ryan opined that plaintiff was moderately impaired in her ability to perform detailed or complex tasks without special or repeated instructions and mildly impaired in her ability to perform simple or repetitive work type tasks. AR. 1085. Dr. Ryan opined that plaintiff was mildly impaired in her ability to accept instructions from supervisors and interacting with co-workers and/or the public. AR. 1085.

The ALJ gave significant weight to Dr. Ryan's opinion that plaintiff is moderately impaired in her ability to perform detailed task and mildly impaired in her ability to perform simple tasks. AR. 43. The ALJ gave limited weight to Dr. Ryan's opinion that plaintiff has moderate to severe limitations in her ability to maintain a regular work schedule reasoning that Dr. Ryan's assessment was based largely on plaintiff's self-reports and lacked corroborating evidence. AR. 43.

The Court notes that plaintiff only challenges the ALJ's assignment of limited weight to Dr. Ryan's opinion that plaintiff is moderately to severely impaired in her ability to maintain a daily/weekly work schedule, and does not challenge the ALJ's evaluation of Dr. Ryan's opinion related to plaintiff's GAF score or her mild to moderate limitations. *See* Dkt. 12.

The ALJ found that Dr. Ryan did not support the opined limitations with objective evidence and relied largely on plaintiff's self-reports. AR. 43. An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). And, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)).

This situation is distinguishable from one in which the doctor describes his or her own observations in support of the assessments and opinions. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on

clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

The Ninth Circuit clarified that professional assessment of mental illness is different from professional assessment of physical illness, and observed that psychiatric evaluations necessarily analyze a patient's self-reports:

> [A]s two other circuits have acknowledged, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology." . . . Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. . . . Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (internal citations omitted)). Thus, "when mental illness is the basis of a disability claim, clinical [findings] may consist of the diagnoses and observations of professionals trained in the field of psychopathology." *Sanchez v. Apfel*, 85 F.Supp.2d 986, 992 (C.D. Cal. 2000); *see also Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (an opinion based on clinical observations supporting a diagnosis of depression is competent [psychiatric] evidence). Both a clinical interview and a mental status examination are "objective measures" that "cannot be discounted as a 'self-report.'" *Buck*, 869 F.3d at 1049 (9th Cir. 2017) (finding a clinical interview and mental status evaluation to be "objective measures" that "cannot be discounted as a 'self-report'").

Here, Dr. Ryan performed a mental status examination ("MSE") listing a number of results. For example, Dr. Ryan found that plaintiff's mood was depressed, and her affect was labile, but congruent. AR. 1081. Dr. Ryan reported that plaintiff's answers to interview questions indicated limited adaptability, insight, and judgment. AR 1082. Dr. Ryan found that plaintiff's abstract thinking was limited, and that she struggled to find the common link between two familiar objects and interpret familiar and unfamiliar objects, which may indicate problems generalizing creatively to new situations. AR. 1082. The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The Mental Status Examination allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the Mental Status Examination is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

The MSE is conducted by medical professionals skilled and experienced in psychology and mental health. Although "anyone can have a conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" Trzepacz and Baker, *supra*, The Psychiatric Mental Status Examination 3. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (*id.* at 4), and, in part, because it is not uncommon for a person

suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation omitted).

Dr. Ryan also administered the World Health Organization Disability Assessment Schedule 2.0 ("WHODAS"). AR. 1082. Dr. Ryan found that plaintiff's scores indicate a severe level of difficulty in fulfilling household responsibilities and completing household tasks, and overall severe level of difficulty with participation in society, including participating in community activities or doing things by herself for pleasure or relaxation. AR. 1082-83. Dr. Ryan found that plaintiff's scores also indicated an extreme level of difficulty with work-related activities. AR. 1083.

In addition, Dr. Ryan reported his own observations in support of his assessment and opinion. *See Ryan,* 528 F.3d at 1199-1200. He observed that plaintiff showed signs of negative thoughts, low self-worth, labile affect, and low mood. AR. 1081, 1084. No part of Dr. Ryan's evaluation questioned or discredited plaintiff's reports. *See* AR. 1081-1086.

Defendant points to inconsistencies between plaintiff's reports to Dr. Ryan and other evidence in the record. Dkt. 18 at 11-12. However, the ALJ did not state that he was rejecting Dr. Ryan's opinion on this basis. AR. 43. The Court may draw reasonable inferences from the ALJ's opinion, but cannot consider defendant's *post hoc* rationalizations about what the ALJ considered. *See Magallanes v. Bowen,* 881 F.2d 747, 775 (9th Cir. 1989). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and

actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp,* 332 U.S. at 196).

In conclusion, Dr. Ryan based his opinion on objective measures which are consistent with his findings. *See Buck*, 869 F.3d at 1049 (internal citations omitted); *See Garrison*, 759 F.3d at 1014 n.17. The ALJ committed legal error by discounting Dr. Ryan's opinion related to plaintiff's ability to maintain a daily/weekly schedule due to a supposed lack of clinical findings as well as a purportedly problematic reliance on plaintiff's self-reports. The ALJ's reasoning was not based on substantial evidence. *See Lester*, 81 F.3d at 830-31 (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56).

In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

As noted, Dr. Ryan opined that plaintiff had marked to severe limitations in her ability to maintain a daily/weekly work schedule. AR 1085. As fully crediting this opinion likely would alter the ultimate disability determination, the Court cannot conclude with confidence " 'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.' " *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless and this matter is reversed and remanded for further administrative proceedings.

B. Drs. Gollogly, Staley, Kester, Hoskins, and Morgan, Ms. Cooperstein, Ms. Nash, and other medical evidence

In Section I.A., the Court concludes that the ALJ committed harmful error in assessing the opinion of Dr. Ryan, and that this case be remanded for further administrative proceedings. In light of this finding, and because plaintiff will be able to present new evidence and new testimony on remand, the ALJ's assessment of all of the medical evidence should be evaluated anew following remand of this matter. *See* Program Operations Manual System (POMS), GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018) ("[A] court order vacating the [ALJ's] prior decision and remanding the case to the

Commissioner voids the prior decision ... and thus returns the case to the status of a claim "pending" before SSA….The ALJ processes the case in the same way as a regular hearing and issues a decision."); *see also Bartlett v. Berryhill*, 2017 WL 2464117, at *4 (W.D. Wash. June 7, 2017).

     (2) Did the ALJ fail to properly evaluate plaintiff's testimony?

     Similarly, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

     (3) Did the ALJ err in his assessment of plaintiff's RFC and the findings at steps four and five?

     Again, on remand, the ALJ must also reassess plaintiff's RFC. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). Because the ALJ must reassess plaintiff's RFC on remand, he must also re-evaluate the findings at steps four and five to determine if plaintiff can perform her past relevant work or if there are jobs existing in significant numbers in the national economy that plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

(4) Should this case be remanded for an award of benefits or remanded for further administrative proceedings?

Plaintiff contends that this case should be remanded for an award of benefits, or in the alternative, remanded for further administrative proceedings. Dkt. 12 at 18-20.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen,* 80 F.3d at 1292 (citations omitted). The Court has done so here.

Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, the record as a whole is not free from conflicts and ambiguities, including conflicts in the medical evidence and allegations potentially inconsistent with aspects of

the record. *See e.g.* AR. 93, 110, 1085 (Dr. Ryan opined that plaintiff has moderate to severe limitations in her ability to maintain a daily/weekly work schedule, while state agency reviewing psychological consultants, Drs. Gollogly and Kester, opined that plaintiff was only moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.). Therefore, remand for further administrative proceedings is appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose).

On remand, the ALJ is instructed to (1) reconsider all of the medical and non-medical evidence; (2) reassess plaintiff's subjective symptom testimony concerning plaintiff's limitations in light of any new and reconsidered evidence; and (3) re-evaluate plaintiff's RFC and findings at steps four and five, if necessary.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 26th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge